UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCIA BIRCHFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-CV-00497 SPM |
| INDIA BOYD-MONROE, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lucia Birchfield's Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Having reviewed the Application and supporting financial information, the Court finds that Birchfield is unable to pay the costs associated with this action. The Court will therefore grant the request and waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**The Complaint**

Plaintiff Lucia Birchfield, an African American woman of Nigerian origin, brings this action against defendant India Boyd-Monroe, her former co-worker at Compass Health Network, under 28 U.S.C. § 4101. Plaintiff also denotes on her Civil Cover Sheet that she is suing defendant pursuant to Title VII of the Civil Rights Act of 1964, as well as under the False Claims Act.

Plaintiff states that she worked for Compass Health from November 2018 until her termination on April 12, 2023. She alleges that India Boyd-Monroe disseminated false information about her interaction with a client, which ultimately contributed to her termination.

2

This is plaintiff's second action in this Court against defendant. *See Birchfield v. Compass Health Network, et al.,* No. 4:24-CV-1575 SRC (E.D.Mo. filed Nov. 23, 2024). That action is still pending. Birchfield seeks compensatory damages in this action.

## Discussion

The main statute under which plaintiff is suing defendant, 28 U.S.C. § 4101, merely defines the term "defamation" for purposes of a statutory scheme that allows United States courts to recognize or enforce foreign judgments for defamation under certain circumstances. Plaintiff has not alleged that she obtained a foreign judgment for defamation against India Boyd-Monroe, and the statute does not provide a separate cause of action for defamation. To the extent plaintiff's defamation claim is based on § 4101, it therefore must be dismissed. *See Delima v. Google, et al.,* 561 F.Supp.3d 123, 135 (D. N.H. 2021).

Plaintiff's claims under Title VII are also subject to dismissal. The Eighth Circuit Court of Appeals has consistently held that Title VII does not impose liability on individual employees. *See, e.g., Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). Therefore, plaintiff cannot sue defendant Boyd-Monroe under Title VII.

Similarly, plaintiff cannot sue defendant under the False Claims Act (FCA). The FCA "imposes liability on '[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval.'" *United States ex rel. Costner v. United States*, 317 F.3d 883, 886 (8th Cir. 2003) (quoting 31 U.S.C. § 3729(a)). Plaintiff's allegations in this action against defendant India Boyd-Monroe do not correspond with liability under the FCA, as she has not alleged that she was fired for allegedly presenting a false or fraudulent claim for payment to the United States government.

Last, to the extent plaintiff is attempting to plead state law claims for relief against defendant, the Court declines to exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff is pursuing state law claims, the Court declines to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 15th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE