UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA BIRCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00497 SPM |
| | ) | |
| INDIA BOYD-MONROE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed matter is before the Court on receipt of plaintiff's amended complaint, dated April 10, 2025,[1] but not received by the Court until April 16, 2025. [ECF No. 5]. As this case was closed on April 15, 2025, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has reviewed plaintiff's amended complaint to see if plaintiff's claims in her superseding pleading could survive review under § 1915. After review of the proposed pleading, the Court will decline to allow plaintiff to submit a post-dismissal amendment to the complaint.

### Background

Plaintiff Lucia Birchfield, an African American woman of Nigerian origin, filed this action against defendant India Boyd-Monroe, her former co-worker at Compass Health Network, under 28 U.S.C. § 4101. Plaintiff alleged on her Civil Cover Sheet that she was additionally suing Boyd-Monroe pursuant to Title VII of the Civil Rights Act of 1964, as well as under the False Claims Act.

Plaintiff asserted that she worked for Compass Health from November 2018 until her termination on April 12, 2023. She alleges that India Boyd-Monroe disseminated false information

---

[1] The initial complaint in this matter was also dated April 10, 2025. [ECF No. 1].

about her interaction with a client, which ultimately contributed to her termination. This is plaintiff's second action in this Court against defendant. *See Birchfield v. Compass Health Network, et al.*, No. 4:24-CV-1575 SRC (E.D.Mo. filed Nov. 23, 2024). That action is still pending.

In its Opinion, Memorandum and Order issued on April 15, 2025, the Court noted that plaintiff was attempting to sue defendant under a statutory scheme that merely allowed United States courts to recognize or enforce foreign judgments for defamation under certain circumstances. See 28 U.S.C. § 4101. Because plaintiff had not alleged that she obtained a foreign judgment for defamation against India Boyd-Monroe, and the statute does not provide a separate cause of action for defamation, her claims under that statute were subject to dismissal.

The Court further noted that plaintiff's claims under Title VII were also subject to dismissal, as the Eighth Circuit Court of Appeals has consistently held that Title VII does not impose liability on individual employees. *See, e.g., Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). Furthermore, plaintiff was unable to sue defendant under the False Claims Act because she had not alleged that she was fired for purportedly presenting a false or fraudulent claim for payment to the United States government. *See United States ex rel. Costner v. United States*, 317 F.3d 883, 886 (8th Cir. 2003) (quoting 31 U.S.C. § 3729(a)). Last, the Court declined to exercise jurisdiction over any state law claims that plaintiff might be bringing. *See* 28 U.S.C. § 1367(c).

**Discussion**

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, following dismissal, the right to amend a complaint under Fed. R. Civ. P. 15(a) terminates. *Humphreys v. Roche Biomedical Laboratories,*

*Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (internal citation omitted). Leave to amend may still be granted in the Court's discretion, *id.*, but a plaintiff does not enjoy the absolute or automatic right to amend a deficient complaint. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). In other words, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. According to the Eighth Circuit, this Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Id.* at 824.

Furthermore, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (internal citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a plaintiff] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

The Court has reviewed plaintiff's proposed amended complaint and found that her allegations within the amended complaint are substantially the same as those within the original complaint. She once again sues defendant Boyd-Monroe under 28 U.S.C. § 4101, as well as under the False Claims Act and Title VII. For this reason, the Court will decline to allow plaintiff to submit a post-dismissal amendment to her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to submit a post-dismissal amendment to her complaint [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

Dated this 18th day of April, 2025.

                                          HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE